

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   MAR 20 2014   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM POWELL,

        Petitioner,

    -against-

JOSEPH T. SMITH,

        Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-4661 (SLT)

**TOWNES, United States District Judge,**

By petition filed August 12, 2013[1], petitioner William Powell, incarcerated at Shawangunk Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 2007 Queens County conviction. Petitioner has paid the requisite filing fee to commence this action pro se. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

---

[1] Under the "prison mailbox rule," a submission by an imprisoned *pro se* petitioner, including a writ of habeas corpus, is deemed filed on the day it is given to prison officials. *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Here, petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. Petitioner alleges that he was convicted on June 15, 2007. (Petition at 1, ¶3.) The Appellate Division, Second Department, affirmed the conviction on April 28, 2009.[2] *People v. Powell*, 61 A.D.3d 1004 (N.Y. App. Div. 2009). On

---

[2] Although not relevant to the court's calculations, the court notes that the Appellate Division decision states that petitioner was convicted on July 25, 2007, not June 15, 2007.

2

July 15, 2009, the New York Court of Appeals denied petitioner leave to appeal. *People v. Powell*, 12 N.Y.3d 928 (2009). If he does not seek Unites States Supreme Court review, a petitioner's judgment of conviction becomes final 90 days from the date the New York Court of Appeals denies leave to appeal. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about October 15, 2009, and this petition should have been filed on or before October 15, 2010. The instant petition was commenced on August 12, 2013, and is thus barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

## A. *Statutory Tolling*

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not cause the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Here, petitioner's conviction became final on October 15, 2009, and the instant petition was commenced on August 12, 2013, three years and ten months later. In January 2009, before petitioner's conviction became final, petitioner filed a post-conviction motion pursuant to § 440.10 of the New York Criminal Procedure Law ("440.10 Motion"), which was denied on March 23, 2010. (Petition at 3.) Thus, because the 440.10 Motion was already pending when his conviction became final, the period from October 15, 2009 through March 23, 2010 is tolled, and plaintiff's one year limitations period runs from March 23, 2010. At this stage of the analysis,

plaintiff has one year from March 23, 2010 to file a § 2254 application. However, in June 2010, petitioner filed an application for a writ of error coram nobis, a proceeding which also tolls the period for the calculation of the one-year statute of limitations for a § 2254 application. Plaintiff's writ of error coram nobis was denied on December 28, 2010. *Id.* Accordingly, the period from June 2010 through December 28, 2010, totaling (at most) 7 months, is also excluded from the calculation of the one-year statute of limitations or, in other words, petitioner had one year *and seven months* from March 23, 2010 to file his application. To state the obvious, one year and seven months from March 23, 2010 is October 23, 2011. However, plaintiff did not file this petition until August 12, 2013, nearly two years too late. Thus, although petitioner filed applications for post-conviction relief, it appears that the pendency of those motions does not render his instant petition timely.

## B. Equitable Tolling

In order to be eligible for equitable tolling, a habeas petitioner must establish " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2569 (2010)); *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010). This Circuit has previously held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Smith*, 208 F.3d at 17). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the

petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Jenkins*, 630 F.3d at 303. On the present record, there appears to be no basis for equitable tolling. Nonetheless, the court will provide petitioner an opportunity to explain why such tolling should apply in this action. Petitioner is therefore directed to show cause by written affirmation, within sixty (60) days from the entry of this Order, why the instant petition should not be dismissed as time-barred. *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006) (citing *Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations.

## CONCLUSION

Petitioner is directed to show cause by written affirmation, within sixty (60) days from the entry of this Order, why the instant petition should not be dismissed as time-barred.[3]

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

**SO ORDERED.**

March 5, 2014

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

---

[3] An affirmation form is attached to this Order for petitioner's convenience.

5

Dated: Brooklyn, New York
      December    2013
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM POWELL,

                Petitioner,

         -against-

JOSEPH T. SMITH,

                Respondent.
-------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
13-CV-4661 (SLT)

STATE OF _____ }
COUNTY OF _____ } SS:

    William Powell makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & ZIP