FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WILLIAM POWELL,
          Petitioner,

-against-

JOSEPH T. SMITH,
          Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-4661 (SLT)

**TOWNES, United States District Judge,**

By a petition filed on August 12, 2013, petitioner William Powell, incarcerated at Shawangunk Correctional Facility, proceeding *pro se*, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 2007 Queens County conviction. For the following reasons, Powell's petition is dismissed as time-barred by the applicable one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d).

By order dated March 5, 2014, this Court explained that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted an initial consideration of the petition and determined that the petition appeared to be time-barred under AEDPA. (Dkt. No. 5.) Out of an abundance of caution, the Court provided Powell with a form written affirmation and directed Powell to explain why his petition should not be dismissed as time-barred. In his response, dated March 14, 2014, Powell asserted, with minimal detail, that he is actually innocent of the murder of Gregory Leak – the murder for which he was convicted and is currently incarcerated. (Dkt. No. 6.)

By order dated May 23, 2014, this Court explained that:

> "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whe[re] the impediment is ... expiration of a statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court warned, "however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner

> does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Thus, in order to pass through the "actual innocence gateway," Petitioner must demonstrate (1) by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup*, 513 U.S. at 324, that (2) "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," *id.* at 327. This standard requires district courts to consider all of the evidence in the record "to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

(Dkt. No. 10 at 1-2.) After explaining the high burden a petitioner asserting actual innocence must meet, the Court gave Powell an additional opportunity to demonstrate that he has new reliable evidence and that, had he presented this evidence to the jury, it is more likely than not that no reasonable juror would have found him guilty. (*Id.* at 3.) The Court warned Powell that "if [he] does not demonstrate that he has a tenable claim of actual innocence, his petition will be dismissed as time barred." (*Id.*) Powell submitted a letter, dated July 14, 2014, explaining that either the Queens District Attorney's Office or Rochdale Village in Queens is in possession of security surveillance footage of the murder of Gregory Leak, which shows that he was not the gunman, thus demonstrates his innocence, and asking this Court to subpoena the footage. (Dkt. No. 9.)

By order dated July 22, 2014, this Court ordered the Queens County District Attorney's Office, as counsel for respondent, to respond to Powell's request for access to the surveillance video. In response, the respondents have submitted the affidavit of Assistant District Attorney Laura T. Ross dated September 18, 2014. (Dkt. No. 13.) Ross affirms that the District Attorney's Office is, indeed, in possession of surveillance footage which appears to show a man, not Powell, firing a gun at around 2:21 a.m. on August 18, 2004 inside the lobby of 170-20 130th Avenue, where Gregory Leak was murdered. (Ross Aff. ¶¶ 13, 15.) However, Ross also

2

explains that this footage does not constitute "newly discovered evidence" because Powell was aware of this footage "likely because it was turned over to the defense []well before trial." (*Id.*) Moreover, and more importantly, Ross explains that Powell was *not* convicted of second degree murder on the theory that he actually shot Gregory Leak. Rather, he was convicted "under the theory that the shooter acted at the direction of [Powell], after [Powell] lured Leak to the lobby of his building with a phone call asking him to come down to talk to him." (*Id.* at ¶ 7.) Thus, footage of the murder would have had no bearing on Powell's guilt or innocence.

Given that Powell was not convicted of actually shooting Gregory Leak, introducing video footage depicting the murder at trial would not have made it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324. Thus, because Powell cannot take advantage of the "actual innocence gateway," his application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred under the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013); 28 U.S.C. § 2244(d); *See* Dkt No. 5 March 5, 2014 Order at 2-3.

## Conclusion

For the reasons set forth above, the instant petition for a writ of habeas corpus is DENIED as time-barred. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
September 24, 2014